EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Delvy Díaz Altagracia<br><br>Peticionario<br><br>v.<br><br>Mapfre Pan American Insurance Company<br><br>Recurrido | Certiorari<br><br>2021 TSPR 105<br><br>207 DPR \_\_\_\_ |

Número del Caso: CC-2020-149

Fecha: 13 de julio de 2021

Tribunal de Apelaciones:

 Panel IV

Abogadas de la parte peticionaria:

 Lcda. Guelmarie Aguila Meléndez
 Lcda. Luz V. Quiñones Rivera

Abogado de la parte recurrida:

 Lcdo. Antonio Valiente

Materia: Sentencia con Opinión disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Delvy Díaz Altagracia<br><br>Peticionario<br><br>v.<br><br>Mapfre Pan American<br>Insurance Company<br><br>Recurrido | CC-2020-0149 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 13 de julio de 2021.

Nuevamente, corresponde a este Tribunal examinar si los hechos específicos de este caso y la etapa procesal en la que se encuentra permiten ponerle fin sumariamente a un pleito entre un asegurador y su aseguradora bajo la doctrina del pago en finiquito. Ésto, en línea con lo establecido por este Tribunal en Feliciano Aguayo v. Mapfre Panamerican Insurance Company, 2021 TSPR 73, 207 DPR ___ (2021), por tratarse de hechos similares. Procedemos, en primer lugar, a narrar el desarrollo fáctico del caso.

I

El 16 de septiembre de 2018, el Sr. Delvy Díaz Altagracia (señor Díaz Altagracia) presentó una demanda en contra de Mapfre Pan American Insurance Company (Mapfre) por incumplimiento de contrato, mala fe y dolo. Relató que su

residencia, la cual estaba cobijada por una póliza de vivienda y otra de propiedad personal expedida por Mapfre, sufrió daños a causa del paso del huracán María. Alegó que, tras presentar su reclamación, Mapfre ofreció una cantidad con la que no estuvo de acuerdo, por lo que solicitó una reconsideración. Añadió que, tras un segundo ajuste, Mapfre incurrió en falsas representaciones y prácticas desleales, pues no le informó de la posibilidad de volver a pedir una reconsideración o de reclamar daños adicionales que no fueron contemplados en el ajuste. Asimismo, sostuvo que la aseguradora se retrasó en compensarle y que subvaloró o ignoró daños que estaban cubiertos.[1]

En una enmienda posterior a la demanda, el señor Díaz Altagracia añadió que, tras recibir los cheques que emitió Mapfre, envió una carta a la aseguradora solicitando que aclarara que éstos no fueron emitidos como pago total y final de la reclamación. Indicó que Mapfre tardó más de cinco (5) meses en resolver la reclamación y que no explicó por qué algunas partidas fueron cubiertas y otras no.

Por su parte, Mapfre presentó una <u>Moción de desestimación y/o sentencia sumaria</u>. Arguyó que hacía falta una parte indispensable, pues no se incluyó al acreedor

---

[1] El 15 de enero de 2019, el Sr. Delvy Díaz Altagracia solicitó que se anotara la rebeldía a Mapfre. En respuesta, Mapfre presentó una <u>Moción para solicitar exposición más definida al amparo de la Regla 10.4 de Procedimiento Civil</u>. Posteriormente, el TPI ordenó al señor Díaz Altagracia a que enmendara su demanda y denegó la anotación de la rebeldía.

hipotecario de la propiedad en el pleito. A su vez, argumentó que se configuraron los elementos de la doctrina del pago en finiquito, pues ajustó la reclamación y emitió dos (2) cheques que fueron recibidos, aceptados y cambiados sin objeción por el señor Díaz Altagracia.[2] El Tribunal de Primera Instancia denegó la desestimación por falta de parte indispensable.

En su oposición a la solicitud de sentencia sumaria, el señor Díaz Altagracia argumentó que varias controversias de hechos materiales impedían tal resolución, entre éstas: que Mapfre no le entregó el informe de daños, como tampoco consideró todas las pérdidas que estaban cubiertas; que existían elementos de intención con respecto a la aceptación del pago, y que Mapfre nunca advirtió de las consecuencias de cambiar el cheque. Argumentó que no procedía el pago en finiquito en contratos de adhesión y que existía ventaja indebida a favor de Mapfre.[3]

---

[2]Mapfre acompañó su moción con copias de las pólizas, y las fotocopias del frente y el reverso de dos (2) cheques, uno de ochocientos sesentidos dólares ($862.00) en la cubierta personal, y el otro de ocho mil ochocientos noventa dólares con cuatro centavos ($8,890.04) bajo la cubierta residencial.

[3]El señor Díaz Altagracia acompañó su moción con una declaración jurada en la cual indicó que el inspector de Mapfre fue deficiente; que ha gastado miles de dólares en reparaciones; que Mapfre no le notificó la evaluación de los daños o el informe de inspección, como tampoco explicó lo relacionado a la cubierta, sus términos o exclusiones ni le orientó sobre las consecuencias de cambiar el cheque, y que durante el proceso de reconsideración le dijeron que podía cambiar el cheque sin consecuencia alguna.

Así las cosas, el Tribunal de Primera Instancia emitió una sentencia en la cual declaró ha lugar la solicitud de sentencia sumaria. Concluyó que se configuró la doctrina del pago en finiquito, pues los cheques disponían expresamente que se trataba de un pago final y no había evidencia de que el consentimiento estuviera viciado.

Inconforme, el señor Díaz Altagracia acudió ante el Tribunal de Apelaciones mediante un recurso de apelación. Planteó que el foro primario no atendió sus alegaciones de prácticas desleales y tampoco tomó en consideración la totalidad de los hechos más allá de la expedición de un cheque y su endoso. Reiteró que Mapfre no actuó de buena fe, que hacía falta un descubrimiento de prueba para auscultar la intención de las partes y que el pago en finiquito es incompatible con las responsabilidades de la aseguradora.

Por su parte, Mapfre argumentó que la única controversia era la configuración del pago en finiquito y que, al contestar en la afirmativa, el Tribunal de Primera Instancia puso fin a la reclamación, incluyendo cualquier alegación de incumplimiento contractual o prácticas desleales. Sostuvo que no existían indicios de faltas a la buena fe, de ventaja indebida o dolo.

Así trabada la controversia, el Tribunal de Apelaciones emitió una sentencia mediante la cual confirmó el dictamen del TPI. Determinó que no existía controversia de hechos materiales y que el señor Díaz Altagracia no

demostró la ocurrencia de alguna práctica desleal o acto doloso.[4]

En desacuerdo, el señor Díaz Altagracia solicitó la reconsideración. Enfatizó que era una parte débil en un contrato de adhesión y que está prohibido que la aseguradora extendiera una oferta menor a la que tiene derecho el asegurado. Reiteró que Mapfre no intentó ejecutar un ajuste rápido, justo y equitativo de buena fe. Reafirmó que su consentimiento no fue claro y voluntario. El Tribunal de Apelaciones la declaró no ha lugar.

Todavía insatisfecho, el señor Díaz Altagracia presentó una petición de certiorari ante este Tribunal y alegó que el pago en finiquito no aplica en casos de contrato de seguros. Argumentó que no se trata de una deuda ilíquida, pues la oferta de Mapfre representa una posición institucional garantizada no retractable. En la alternativa, arguyó que el pago en finiquito constituye una ventaja indebida y que no se fundamenta en un ajuste justo y razonable. Por último, planteó que no procede la sentencia sumaria, pues puso en controversia hechos materiales.

Por su parte, Mapfre reafirmó que no existe controversia de hechos materiales. Razonó que las imputaciones del señor Díaz Altagracia son generalizadas e infundadas.

---

[4]El Hon. Juez Adames Soto disintió sin opinión escrita.

Este Tribunal expidió el recurso de certiorari el 1 de julio de 2020. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver si procede, en esta etapa, la disposición sumaria de la controversia bajo la doctrina del pago en finiquito.

## II

Como se sabe, los elementos básicos de la figura del pago en finiquito son: (1) que exista una reclamación ilíquida o sobre la cual exista controversia bona fide; (2) que se extienda un ofrecimiento de pago de buena fe por el deudor; y (3) que se produzca una aceptación del ofrecimiento de pago por el acreedor. López v. South P.R. Sugar Co., 62 DPR 238, 245 (1943). Asimismo, el pago debe emitirse en ausencia de opresión o ventaja indebida por parte del deudor y, a su vez, deben estar presentes circunstancias "claramente indicativas para el acreedor de que el cheque remitido lo era en pago y saldo total del balance resultante de la liquidación final del contrato". A. Martínez & Co. v. Long Const. Co., 101 DPR 830, 834 (1973). Además, tiene que constatarse un claro entendimiento por parte del acreedor de que el pago representa una propuesta para la extinción de la obligación. Íd., pág. 835.

En Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra, este Tribunal se expresó sobre el uso de la doctrina del pago en finiquito en pleitos entre asegurados y aseguradoras. Allí concluimos que, examinada la figura dentro del contexto del campo de seguros y en atención a las

regulaciones particulares de tal industria, la relación aseguradora-asegurado y las normas aplicables a los cheques como instrumentos negociables, nuestro ordenamiento exige que se vele por el cumplimiento de requisitos específicos para que se configure un pago en finiquito.

En tal determinación, este Tribunal rechazó que la figura se manifieste, meramente, porque se constate la ocurrencia de un ofrecimiento de pago, una notificación del cierre de la reclamación y el cambio del cheque. Debido a las particularidades propias de la industria de seguros, los tribunales deben evaluar la totalidad de las circunstancias y dar por cumplidos a cabalidad los requisitos de la doctrina y las exigencias estatutarias. Es decir, debe analizarse la iliquidez o la controversia bona fide de la reclamación; si el pago se emitió al amparo o en cumplimiento de un mandato estatuario, y si ocurrió en ausencia de opresión o ventaja indebida, particularmente dentro del contexto de la relación asegurado-aseguradora. A su vez, debe examinarse la existencia de circunstancias claramente indicativas para el acreedor de lo que representaba el cheque; si ocurrió una orientación clara a tales fines, y si la carta que envió la aseguradora cumplió con las reglas de trato justo y advirtió de forma conspicua que el instrumento fue ofrecido en pago total de la reclamación. Igualmente, debe evaluarse lo relativo a las salvaguardas del Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 et seq. (Código de Seguros) y las normas

administrativas relacionadas a éste, así como lo estatuido sobre la buena fe y el trato justo en la <u>Ley de Transacciones Comerciales</u>, Ley Núm. 208-1995, según enmendada, 19 LPRA sec. 401 <u>et seq</u>. (Ley de Transacciones Comerciales). Finalmente, también debe constatarse el entendimiento claro del asegurado al cambiar el cheque, en particular, a la luz de las condiciones bajo las cuales lo aceptó.

Expuesto el derecho aplicable, procedemos a discutir su aplicación a esta controversia.

**III**

En su petición ante este Tribunal, el señor Díaz Altagracia sostiene que no procede la resolución del pleito por la vía sumaria porque existen varias controversias de hecho que así lo impiden, a saber, la valoración real de los daños; la información que Mapfre debió proveerle y no lo hizo; la ventaja indebida de la aseguradora en la transacción; la intención de aceptar el cheque como pago final, y las prácticas desleales en el trámite. Añade que Mapfre no demostró que extendió una oferta justa, razonable y de buena fe o que brindó la debida asistencia y orientación al asegurado.

Por su parte, Mapfre afirma que no existe otra controversia que la configuración de la transacción al instante, la cual es permitida en acuerdos de esta naturaleza. Expone que el señor Díaz Altagracia no demostró la mala fe o el dolo que alega y razona que, al aceptar el cheque, se condonó cualquier conducta a tales fines.

Conforme pautó este Tribunal recientemente en <u>Feliciano Aguayo v. Mapfre Panamerican Insurance Company</u>, supra, al momento de examinar los dictámenes en controversias de esta índole, nos corresponde analizar si los foros de menor jerarquía garantizaron el cumplimiento con todos los elementos de la doctrina del pago en finiquito o, si de lo contrario, la aplicaron de forma maquinal y ceñida únicamente a la expedición y el recibo de un cheque. Veamos.

En su sentencia, el Tribunal de Primera Instancia no efectuó análisis alguno con respecto al primer requisito de la doctrina, a saber, si se trataba de una deuda ilíquida o sobre la cual había una controversia <u>bona fide</u>. Por su parte, aunque el Tribunal de Apelaciones concluyó que existía una controversia <u>bona fide</u> entre el señor Díaz Altagracia y Mapfre con respecto a la cuantía de los daños sufridos, tal conclusión está huérfana de estudio alguno sobre las características de la controversia, en particular, si el pago ofrecido se extendió al amparo o en cumplimiento de un mandato estatutario, pues este hecho influye sobre la liquidez de la suma y la existencia de la controversia <u>bona fide</u>.

En cuanto al segundo requisito, la oferta de pago, ambos foros limitaron su análisis a que Mapfre emitió un cheque, obviando los elementos de buena fe en el ofrecimiento de pago y la ausencia de opresión o ventaja indebida a favor del deudor dentro del contexto específico del evento que motivó la reclamación y la relación entre el asegurado y la aseguradora. Ésto, aunque ambos tribunales concluyeron, sin

más, que del expediente no surgía evidencia de dolo por parte de la aseguradora. Finalmente, el tercer requisito lo dieron por cumplido con el mero depósito del cheque por parte del señor Díaz Altagracia, en ausencia de una determinación con respecto al claro entendimiento del acreedor sobre la naturaleza de la oferta.

Es decir, que los tribunales recurridos encontraron satisfechos los últimos dos (2) requisitos sin establecerse que la carta advertía de forma conspicua que el cheque se ofreció como pago final de la reclamación o que ésta cumplió con las normas de trato justo, así dirigidas a que el asegurado reciba una orientación inequívoca mediante representaciones ciertas y explicaciones razonables hasta alcanzar un entendimiento claro. Entiéndase, sin establecer que el asegurado entendiera las consecuencias de aceptar el pago y la imposibilidad de reclamar a la aseguradora de estar inconforme con lo ofrecido.

Por otra parte, ambos foros omitieron toda discusión y análisis de las salvaguardas del Código de Seguros, _supra_, las normas administrativas y la Ley de Transacciones Comerciales, _supra_. Ello, a pesar de que la mayoría de los argumentos del señor Díaz Altagracia se anclaban, específicamente, en tales garantías.

Por consiguiente, persiste una controversia que prohíbe la resolución del pleito por la vía sumaria relacionada al entendimiento claro del señor Díaz Altagracia, las condiciones bajo las que éste cambió el cheque y si comprendía

el alcance y las consecuencias de tal acción. Según ha destacado este Tribunal, "la renuncia de un derecho afirmativamente concedido por ley requiere que la parte renunciante conozca de forma cabal su derecho y haya tenido la intención clara de abandonarlo". Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra. A su vez, tampoco se desprenden con claridad ciertos hechos medulares del caso, pues perduran dudas sobre si Mapfre cumplió con las normas razonables de trato justo que rigen en la industria de seguro.

En fin, en sus respectivas sentencias, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones limitaron la revisión judicial a establecer los elementos más básicos del pago en finiquito: que Mapfre envió un cheque y que el señor Díaz Altagracia lo cambió. Sin embargo, nuestro ordenamiento requiere que se tomen en consideración elementos adicionales, así examinados a la luz de las circunstancias específicas del caso, previo a concluir que se configuró una transacción al instante. Ésto, pues, el mero recibo y endoso de un cheque no es suficiente, por sí solo, para dar paso a la doctrina del pago en finiquito y la extinción de la totalidad de la obligación. En consecuencia, corresponde a los tribunales garantizar el cumplimiento con todos los requisitos de la doctrina y las exigencias estatutarias antes de ponerle fin a un pleito de forma sumaria en controversias de esta índole.

**IV**

Por los fundamentos antes expresados, se revoca la

sentencia del Tribunal de Apelaciones confirmando la sentencia del Tribunal de Primera Instancia. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores en acorde con los lineamientos aquí establecidos y lo pautado en Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión de conformidad: "Por los fundamentos acogidos por una mayoría de este Tribunal en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021) y aquellos que expresé en mi Opinión de Conformidad en *Adorno Maldonado v. Cooperativa de Seguros Múltiples de Puerto Rico*, 2021 TSPR 98, 207 DPR ___ (2021), estoy conforme con revocar el dictamen recurrido por entender que no procede la aplicación sumaria del pago en finiquito en esta etapa de los procedimientos." La Jueza Asociada señora Pabón Charneco emitió una Opinión Disidente. La Jueza Presidenta Oronoz Rodríguez está inhibida.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Delvy Díaz Altagracia<br><br>    Peticionario<br><br>        v.<br><br>Mapfre Pan American Insurance<br>Company<br><br>    Recurrido | CC-2020-0149 | |

Opinión disidente emitida por la Jueza Asociada señora PABÓN CHARNECO.


En San Juan, Puerto Rico, a 13 de julio de 2021.

Disiento de la determinación que hoy emite este Tribunal en la que revoca las sentencias emitidas por los foros inferiores y devuelve el caso al Tribunal de Primera Instancia para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

Tras examinar el expediente y los hechos particulares de este caso, concluyo que no hay una controversia real sobre los hechos materiales que impidiera al foro primario dictar sentencia sumariamente. Asimismo, se cumplieron con todos los elementos de la doctrina de pago en finiquito. Por lo tanto, confirmaría la Sentencia del Tribunal de Apelaciones.

CC-2020-0149

I

El 16 de septiembre de 2018, el Sr. Delvy Díaz Altagracia (peticionario) presentó una demanda contra Mapfre Pan American Insurance Company (recurrida o aseguradora) por los daños que sufrió su residencia como consecuencia del Huracán María. Sostuvo que la aseguradora inspeccionó su propiedad y posteriormente recibió un cheque por la cantidad de $6,447.06. Relató que solicitó reconsideración con relación a la oferta de pago. Por ello, esbozó que la recurrida reevaluó los daños y le cursó otro cheque por la suma de $8,890.04. Luego que endosó ambos cheques, arguyó que la aseguradora incumplió con sus obligaciones contractuales al inducirle a error respecto al pago de los daños sufridos y por no instruirle en cuanto al proceso de reconsideración. Asimismo, alegó que la recurrida violó varias disposiciones del Código de Seguros de Puerto Rico, específicamente el Art. 27.161. 26 LPRA sec. 2716a.

Luego de varios trámites, el peticionario enmendó la demanda. Añadió en sus alegaciones que la aseguradora subvaloró los daños, toda vez que una investigación aparte reveló que los daños ascienden a $76,746.32.[5]

La aseguradora, por su parte, presentó una *Moción de Desestimación y/o Sentencia Sumaria* en la que arguyó que la demanda carece de parte indispensable por no incluir al acreedor hipotecario de la residencia. Además, levantó la

---

[5] Posteriormente, el peticionario presentó una Segunda Demandada enmendada en la que reiteró sus alegaciones.

CC-2020-0149

defensa afirmativa de *accord and satisfaction* dado que el peticionario firmó los dos (2) cheques y los endosó en la sucursal de Banco Popular de Puerto Rico. Adujo que el ofrecimiento de pago constituyó uno total y definitivo de la reclamación ya que así lo establece ambos cheques dirigido. Por lo tanto, alegó que la obligación contractual entre las partes quedó extinguida conforme a la doctrina de pago en finiquito. Para ello presentó copia de los cheques endosados y cobrados por el peticionario, más la Póliza de Seguros.

En respuesta, el peticionario se opuso y sostuvo que existían hechos materiales en controversia que impedían dictar sentencia sumaria. Específicamente, señaló que existe controversia en cuanto a la buena fe de la aseguradora al remitir un pago sustancialmente menor al que tenía derecho; sobre la existencia de un consentimiento viciado por no informarle adecuadamente sobre el resultado del ajuste y las razones específicas para este; y si el peticionario podía razonablemente entender el efecto de aceptar el pago remitido por la aseguradora a base de la información suministrada con el pago. Asimismo, arguyó que no era de aplicación la doctrina de pago en finiquito, pues la oferta de la aseguradora se trataba de una suma líquida y exigible. Fundamentó sus alegaciones con una Declaración Jurada suscrita por el peticionario y un documento titulado Reglamento contra Prácticas y Anuncios Engañosos del Departamento de Asuntos del Consumidor.

CC-2020-0149

Evaluadas ambas posturas, el Tribunal de Primera Instancia emitió el 23 de septiembre de 2019 una Sentencia en la que declaró Ha Lugar la solicitud de sentencia sumaria. Surge de la Sentencia las determinaciones de hechos siguientes:

1. La parte demandante está compuesta por Delvy Díaz Altagracia.

2. La parte demandante es dueña de una propiedad que [ubicada] [en] [la] Urbanización Quintas de Villamar, Calle Ucar P-16, Dorado, Puerto Rico, 00646.

3. Al 20 de septiembre de 2017, la Propiedad estaba asegurada contra el peligro de huracán bajo la póliza número 3777751616437 expedida por MAPFRE (la "Póliza"). De conformidad con la Póliza, se aseguraba la vivienda por el límite de $106,580.00, con deducible de $2,132 y un 100% de coaseguro.

4. El 20 de septiembre de 2017, la propiedad asegurada sufrió daños consecuencia del paso del Huracán María por la Isla de Puerto Rico.

5. La parte demandante sometió un aviso de pérdida a Mapfre por los daños que sufriera la propiedad como consecuencia del paso del huracán María por la Isla de Puerto Rico. Mapfre acusó el recibo de la Reclamación y le asignó el número 20173274269.

6. Mapfre llevó a cabo los trámites correspondientes, que incluyeron enviar a una persona a inspeccionar la Propiedad, evaluar y realizar un ajuste.

7. Luego de realizar una inspección, y una vez concluido el proceso de investigación y ajuste de la reclamación, el 15 de marzo de 2018 la parte demandada emitió los cheques: número 1817652 por la suma total del ajuste realizado ($862.00) por concepto de daños a la propiedad personal y número 1817651 por la suma total del ajuste realizado ($8,890.04) por concepto de daños a la vivienda.

8. Ambos cheques expresamente establecen que constituyen un PAGO TOTAL Y FINAL DE LA

CC-2020-0149

RECLAMACIÓN POR HURACÁN MARÍA. Además, al dorso establecen: "EL ENDOSO DE ESTE CHEQUE CONSTITUYE EL PAGO TOTAL Y DEFINITIVO DE TODA OBLIGACIÓN, RECLAMACIÓN O CUENTA COMPRENDIDA EN EL CONCEPTO INDICADO EN EL ANVERSO".

9. Ambos cheques fueron recibidos y aceptados, y cambiados por la parte demandante el 27 de marzo de 2018 sin expresión de objeción, condición o reserva alguna.

En desacuerdo con el dictamen, el peticionario recurrió ante el foro apelativo intermedio mediante recurso de apelación. Finalmente, el Tribunal de Apelaciones confirmó la Sentencia recurrida y concluyó que no habían hechos materiales en controversia y que aplicaba la doctrina de pago en finiquito.

Inconforme aún, el peticionario acudió ante nos mediante un recurso de *Certiorari*. Sostuvo que los foros inferiores erraron al determinar que aplicaba la doctrina de pago en finiquito y que no existían hechos materiales en controversia.

El 1 de julio de 2020 una mayoría del Tribunal determinó expedir la Petición de *Certiorari* presentada por el peticionario. Lo anterior con el propósito de revocar las Sentencias emitidas por los foros inferiores y devolver el caso al foro primario para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

II

Sin pretender transcribir mis expresiones en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*,

2021 TSPR 73, 207 DPR ___ (2021), las cuales sostengo y hago formar parte de esta Opinión, deseo recapitular específicamente en cuanto a la aplicación del estándar de revisión de las mociones de sentencia sumaria.

Como hemos expresado, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, requiere dictar sentencia sumaria a favor de la parte promovente si las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas u otra evidencia demuestran la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si el derecho aplicable así lo justifica. Para ello, la parte promovente debe desglosar los hechos sobre los que aduce que no existe controversia junto a la prueba específica que lo sostiene. De igual forma, la parte opositora debe presentar evidencia admisible que ponga en controversia los hechos presentados por el promovente según exige la Regla 36.3 de Procedimiento Civil, *supra*. *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010), citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986). De lo contrario, estos se se podrán considerar como admitidos y se dictará la Sentencia Sumaria en su contra, si procede.

En el caso de autos podemos observar que el peticionario, como parte opositora, no refutó los hechos conforme lo establecen las reglas procesales y solo procedió a argumentar su posición en derecho. El peticionario no presentó documentos admisibles en evidencia que

controvirtieran los hechos presentados por la recurrida en la solicitud de sentencia sumaria. Por el contrario, apoyó su contención en alegaciones conclusorias respecto al ofrecimiento del pago en la Declaración Jurada. Por lo tanto, no existe una controversia real sobre los hechos materiales del caso y podemos concluir que los foros inferiores aplicaron correctamente el estándar de revisión de mociones de sentencia sumaria exigidos por la Regla 36 de Procedimiento Civil, *supra*. Esto nos lleva a la aplicación del derecho a los hechos de esta controversia.

Nuestro ordenamiento jurídico reconoce la figura del pago en finiquito (*accord and satisfaction*). Regla 6.3(b) de Procedimiento Civil, 32 LPRA Ap. V. Así, para que exista un *accord and satisfaction* se requieren los tres (3) elementos siguientes: (1) una reclamación ilíquida o sobre la cual exista controversia bona fide; (2) un ofrecimiento de pago por el deudor, y (3) una aceptación del ofrecimiento de pago por el acreedor. Como se expresa en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, supra, la oferta que presenta la aseguradora tras el ajuste de un seguro sobre propiedad inmueble es un estimado razonable de los daños que considera cubiertos y está sujeta a ser impugnada por el asegurado. En vista de ello, la deuda es ilíquida e incierta hasta que las partes no acuerden fijar su valor.

Surge del expediente que la compañía aseguradora recibió la reclamación, la investigó e inspeccionó el bien asegurado en dos (2) ocasiones. Posteriormente, hizo los

CC-2020-0149

ajustes correspondientes con arreglo a la póliza de seguros. Realizada esta labor, la recurrida le envió al peticionario dos (2) cheques, los cuales tenían la advertencia siguiente:

"**El endoso de este cheque constituye el pago total y definitivo de toda obligación reclamación o cuenta comprendida en el concepto indicado en el anverso**". (Énfasis suplido).

Cabe mencionar que en el anverso de los referidos cheques establece: "**Pago de reclamación por daños ocasionados por huracán María el 9-20-2017**". (Énfasis suplido). No hay controversia que dichos cheques fueron enviados en pago total y definitivo de su reclamación. Tampoco hay controversia de que el peticionario endosó y cobró los cheques. Por ello, sostengo que se configuró la figura de pago en finiquito en el caso de autos.

III

Por los argumentos antes expresados, disiento respetuosamente de la Sentencia emitida por el Tribunal y confirmaría la determinación del Tribunal de Apelaciones.

Mildred G. Pabón Charneco
Jueza Asociada